D+F

JMK/SA:CO/MM
F#2012R01636



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆ JUN 1 - 2015

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

ALABI GBANGBALA,
     also known as "Babatunde Alabi
     Bambaia"

            Defendant.

- - - - - - - - - - - - - - - -X

<u>PLEA AGREEMENT</u>

15-CR-151 (CBA)

       Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States Attorney's Office for the Eastern District of New York and the United States

Department of Justice, Tax Division (collectively the "Office") and ALABI GBANGBALA

(the "defendant") agree to the following:

       1.     The defendant will plead guilty to Count Ten of the Indictment,

charging a violation of 26 U.S.C. § 7206(2). The count carries the following statutory

penalties:

            a.     Maximum term of imprisonment: 3 years
                (26 U.S.C. § 7206).

            b.     Minimum term of imprisonment: 0 years
                (26 U.S.C. § 7206).

c.  Maximum supervised release term: 1 year, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 1 year without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583 (b) & (e)).

d.  Maximum fine: $250,000, or twice the greater of the gross gain or gross loss
(26 U.S.C. § 7206; 18 U.S.C. § 3571(b)(3) & (d)).

e.  Restitution: As detailed in paragraphs 6 and 7, the parties agree that restitution to the Internal Revenue Service ("IRS") with respect to the tax loss caused by the criminal conduct of the defendant for tax years 2006 through 2012 should be ordered by the Court.
(18 U.S.C. § 3663 and 3663A).

f.  $100 special assessment
(18 U.S.C. § 3013).

g.  Other penalties: costs of prosecution
(26 U.S.C. § 7206).

2.      The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level

2

under the Guidelines to be Level 20, which is predicated on the following Guidelines

calculation:

> Base Offense Level: Tax Loss More Than $200,000
> and Less Than $400,000
> (§§ 2T1.4(a)(1), 2T4.1(G))                                18
>
> Plus: Defendant was in the business of preparing tax
> returns
> (§ 2T1.4(b)(1))                                          +2
>
> Offense Total:                                           20

If the defendant clearly demonstrates acceptance of responsibility, through allocution and

subsequent conduct prior to the imposition of sentence, a two-level reduction will be

warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 18 and a

range of imprisonment of 27-33 months, assuming that the defendant falls within Criminal

History Category I. Furthermore, if the defendant has accepted responsibility as described

above, to the satisfaction of the Office, and if the defendant pleads guilty on or before June 1,

2015, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b),

resulting in an adjusted offense level of 17. This level carries a range of imprisonment of 24

- 30 months, assuming that the defendant falls within Criminal History Category I. The

Office and the defendant stipulate to the above Guidelines calculation.

3.      The Guidelines estimate set forth in paragraph 2 is not binding on the

Office, the Probation Department or the Court. If the Guidelines offense level advocated by

the Office, or determined by the Probation Department or the Court, is, for any reason,

including an error in the estimate, different from the estimate, the defendant will not be

entitled to withdraw the plea and the government will not be deemed to have breached this

agreement.

3

4.     The defendant agrees not to file an appeal or otherwise challenge, by

petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in

the event that the Court imposes a term of imprisonment of 33 months or below. This waiver

is binding without regard to the sentencing analysis used by the Court. The defendant waives

all defenses based on the statute of limitations and venue with respect to any prosecution that

is not time-barred on the date that this agreement is signed in the event that (a) the

defendant's conviction is later vacated for any reason, (b) the defendant violates this

agreement, or (c) the defendant's plea is later withdrawn. Nothing in the foregoing waiver of

appellate and collateral review rights shall preclude the defendant from raising a claim of

ineffective assistance of counsel in an appropriate forum. The defendant waives any right to

additional disclosure from the government in connection with the guilty plea. The defendant

agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a

"prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note,

and will not file any claim under that law. The defendant agrees to pay the special

assessment by check payable to the Clerk of the Court at or before sentencing.

5.     The Office agrees that:

    a. no further criminal charges will be brought against the defendant
relating to the defendant's preparation of false tax returns for
himself, as set forth in the indictment, or the clients of his
business Broadfield for the tax years 2008 through 2009, as set
forth in the indictment, it being understood that this agreement
does not bar the use of such conduct as a predicate act or as the
basis for a sentencing enhancement in a subsequent prosecution
including, but not limited to, a prosecution pursuant to 18 U.S.C.
§§ 1961 et seq., and at the time of sentence, it will move to
dismiss the remaining counts of the Indictment with prejudice;
and, based upon information now known to the Office, it will

4

       b.      make no motion for an upward departure under the Sentencing
              Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the

Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and

5(c). Should it be judged by the Office that the defendant has violated any provision of this

agreement, the defendant will not be released from he plea of guilty but this Office will be

released from its obligations under this agreement, including but not limited to: (a) moving

for the additional one-level downward adjustment for timely acceptance of responsibility

described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(c).

      6.      The defendant agrees to pay restitution of $178,209 to the IRS for the

total tax loss caused by the defendant's criminal conduct for 2007 through 2009, as follows:

- $51,045 for preparing false 2007 returns for his business's clients;

- $64,665 for preparing false 2008 returns for his business's clients ; and

- $62,499 for preparing false 2009 returns for his business's clients.

      The defendant further agrees that his payment of restitution as set forth above, does

not compromise the ability of the IRS to assess and collect civil taxes and penalties, and he

will cooperate and assist the IRS in any civil or administrative procedures, and file any and

all outstanding U.S. tax returns due from him, to include filing his own individual amended

returns on his, for years 2007, 2008, 2009, 2010, 2011, and 2012, and pay outstanding taxes

due and owing based on his own individual amended returns, on terms as agreed to with the

IRS. The defendant and the Office agree to jointly recommend at sentencing that the

conditions of supervised release include the conditions that the defendant cooperate and

assist the IRS in any civil or administrative procedures, and file any and all outstanding U.S.

5

tax returns due from him, and pay outstanding taxes due and owing, on terms as agreed to with the IRS.

7.      If the Court orders the defendant to pay restitution to the Internal Revenue Service for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the Internal Revenue Service will use the restitution order as the basis for a civil assessment (26 U.S.C. § 6201(a)(4)). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the Internal Revenue Service from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

8.      The defendant agrees, as part of this plea agreement, to be permanently enjoined under IRC §§ 7402 and 7407, from preparing or filing federal tax returns for anyone other than himself. Defendant understands that the United States will file a civil complaint against him seeking this relief, and defendant agrees to consent to a permanent injunction.

9.      This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

10.      Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

6

12755094.2

supersedes all prior promises, agreements or conditions between the parties.  To become effective, this agreement must be signed by all signatories listed below and must be approved by the Tax Division of the United States Department of Justice.

Dated:        Brooklyn, New York
              , 2015

                                        KELLY T. CURRIE
                                        United States Attorney
                                        Eastern District of New York

                                        CAROLINE D. CIRAOLO
                                        Acting Assistant Attorney General
                                        U.S. Department of Justice Tax Division

By:        _____

                                        Christopher P. O'Donnell
                                        Mark McDonald
                                        Trial Attorneys, Tax Division
                                        U.S. Department of Justice

           Approved by:

           _____
           Shreve Ariail
           Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ALABI GBANGBALA
Defendant
Dated: 06 – 01    , 2015

Approved by:

_____
Todd A. Spodek, Esq.
Counsel to Defendant

7

12755094.2